**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Eric Anton Graham, Appellant.

Appellate Case No. 2023-000160

---

Appeal From Darlington County
Roger E. Henderson, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-396
Submitted November 1, 2025 – Filed December 3, 2025

---

**VACATED AND REMANDED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Paul Michael Burch, Jr., of Bennettsville, all for Respondent.

---

**PER CURIAM:**  Eric Anton Graham, a juvenile offender, appeals his sentence of life imprisonment without the possibility of parole (LWOP) following an *Aiken v. Byars*[1] hearing.  On appeal, Graham argues the circuit court erred by sentencing him to LWOP without applying the *Aiken* factors.  We vacate and remand pursuant to Rule 220(b), SCACR.

We hold the circuit court abused its discretion when it failed to apply the *Aiken* factors to Graham.  *See State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) ("When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law."); *id.* ("Therefore, this court will not disturb the circuit court's findings absent a manifest abuse of discretion."); *id.* ("An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support."); *Miller*, 567 U.S. at 465 (holding "mandatory [LWOP] for those under the age of [eighteen] at the time of their crimes violates the Eighth Amendment[]"); *State v. Miller*, 433 S.C. 613, 626-27, 861 S.E.2d 373, 380 (Ct. App. 2021) ("Our supreme court interpreted *Miller* as creating a categorical ban on juvenile LWOP sentences 'absent individualized considerations of youth' and establishing a duty for courts to 'fully explore the impact of the defendant's juvenility on the sentence rendered.'" (quoting *Aiken*, 410 S.C. at 540-41, 543, 765 S.E.2d at 575, 577)), *aff'd*, 441 S.C. 106, 893 S.E.2d 306 (2023); *id.* at 627, 861 S.E.2d at 380 ("[T]rial courts must hold individualized sentencing hearings and consider the mitigating factors of youth discussed in *Miller* before imposing an LWOP sentence on a juvenile."); *Aiken*, 410 S.C. at 544, 765 S.E.2d at 577 (explaining the factors a sentencing court must consider include "(1) the chronological age of the offender and the hallmark features of youth, including 'immaturity, impetuosity, and failure to appreciate the risks and consequence'; (2) the 'family and home environment' that surrounded the offender; (3) the circumstances of the homicide offense, including the extent of the offender's participation in the conduct and how familial and peer pressures may have affected him; (4) the 'incompetencies associated with youth—for example, [the offender's] inability to deal with police officers or prosecutors (including on a plea agreement) or [the offender's] incapacity to assist his own attorneys'; and (5) the 'possibility of rehabilitation'" (alteration in original) (quoting *Miller*, 567 U.S. at 477-78)); *Jones*

---

[1] 410 S.C. 534, 539-45, 765 S.E.2d 572, 576-78 (2014) (applying the United States Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), retroactively to all juvenile offenders sentenced to LWOP and requiring an individualized resentencing hearing considering the mitigating factors of youth).

*v. Mississippi*, 593 U.S. 98, 120 (2021) ("States may direct sentencers to formally explain on the record why a [LWOP] sentence is appropriate notwithstanding the defendant's youth."); *State v. Mack*, 441 S.C. 526, 539, 894 S.E.2d 820, 827 (Ct. App. 2023) ("The plain language of *Jones* provides that the decision is not intended to remove state-level safeguards for juvenile sentencing."); *id.* ("Our supreme court has decided that, in South Carolina, compliance should take the shape of a review of the *Aiken* factors."); *id.* at 543-44, 894 S.E.2d at 829 ("We are concerned only with whether the resentencing court's order shows a meaningful consideration of the evidence about [the defendant's] home life."); *id.* at 540, 543, 894 S.E.2d at 827, 829 (finding the resentencing court erred when "[t]he resentencing court's order address[ed] [the defendant's] age only as a chronological fact and [did] not seem to consider the 'hallmark features of youth' at all"); *id.* at 541, 894 S.E.2d at 828 ("[A]ge is not a sliding scale that necessarily weighs against mitigation the closer the offender is to turning eighteen years old at the time of the crime." (alteration in original) (quoting *State v. Roby*, 897 N.W.2d 127, 145 (Iowa 2017))); *id.* at 544, 894 S.E.2d at 830 ("Applying the *Aiken* factors involves more than repeating the words; it requires applying the substantive content of those factors.").

Accordingly, we vacate and remand to the circuit court for a new hearing and findings of fact and conclusions of law pursuant to *Aiken*.

**VACATED AND REMANDED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.